■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. THEODORE SIDNEY WATERMAN, Appellant.— Appeal from an order of County Court, Warren County which denied a petition for a writ of error *coram nobis.* Defendant was indicted for grand larceny first degree. On recommendation of the District Attorney a plea of guilty to grand larceny second degree was accepted by the court on November 25, 1946. Defendant was represented by counsel who was present. In making the recommendation the District Attorney stated his understanding that the plea would mean a sentence of five years. Defendant admitted his identity as having been previously convicted of a felony; the sentence was to Elmira Reception Center for confinement pursuant to article 3-A of the Correction Law. Thereafter defendant was returned by the Correction Department to the court for a definite sentence as a second offender. He was in court with counsel on December 17, 1946 and had consulted with counsel before that time. He was resentenced to the Reception Center for a specific

term of 2½ to 10 years. In this *coram nobis* proceeding defendant argues that he was misled by the District Attorney's statement of November 25 that his Reception Center sentence would mean 5 years. But it was clear that when defendant was sent back for resentence it would have become necessary to impose a sentence with fixed periods; defendant consulted counsel who was present on resentence and any objection to the sentence in respect of defendant's understanding of what would be done must necessarily have been then raised or is deemed waived. Defendant having admitted identity as a prior felony offender at the time of the first sentence, there was no need for him to be called upon to admit or deny it a second time. The proceedings are regular. Order affirmed. Foster, P. J., Bergan, Coon and Reynolds, JJ., concur.